DRAINS AND DITCHES—MUNICIPAL CORPORATIONS—
PARTIES.

[Wood (6th) Circuit Court, April 27, 1907.]

Haynes, Parker and Wildman, JJ.

*BENJAMIN F. McCASLIN v. PERRYSBURG (VIL.).

1. TAXPAYER OF UNINCORPORATED VILLAGE CANNOT SUE IN BEHALF OF VILLAGE.

An individual taxpayer of an unincorporated village having no solicitor cannot, under Rev. Stat. 1778 (Lan. 3281; B. 1536-668) which provides for suits by a taxpayer on behalf of a municipality, bring an action in his own name solely on behalf of the municipality and against the county commissioners to restrain them from proceeding under provisions for the improvement of a county ditch lying partly within the limits of the municipality.

[For other cases in point, see 6 Cyc. Dig., "Municipal Corporations," §§ 3251-3293.—Ed.]

2. CONSTITUTIONALITY OF PROVISION FOR PETITIONING FOR DITCH IMPROVEMENT BY MUNICIPALITY.

Sections 4483, 4484 (Lan. 7667, 7668), providing procedure for the petitioning by a municipality, through its mayor, for the improvement of a county ditch lying partly within the municipal limits, is not unconstitutional for not providing for notice to property owner or for appeal, or for jury, as such sections are to be taken as part of the entire chapter applying to ditches, wherein provision is made for said matters.

[Syllabus approved by the court.].

APPEAL from Wood common pleas court.

F. E. Bowers, for plaintiff.
J. E. Ladd, for defendant.

WILDMAN, J.

The case of McCaslin, on behalf of the village of Perrysburg against the village of Perrysburg, Wood county, Ohio, and others is an action on appeal from the court of common pleas, and it involves the power of a citizen and taxpayer in an incorporated village to restrain proceedings by the officials of a county acting under the provisions of Rev. Stat. 4483, 4484 (Lan. 7667, 7668) in the improving of a county ditch, a part of which lies within the territory of an incorporated village.

Proceedings had been taken under Rev. Stat. 4483 (Lan. 7667) and the mayor of the village had presented a petition signed by him officially and with bond to the county commissioners for the establishment of the improvement, and the petition recites in detail the action being taken

*Affirming McCaslin v. Perrysburg, 18 Dec. 196.

thereunder by the county commissioners. A demurrer is filed by the county commissioners to this petition, upon the ground that the petition does not state facts constituting a cause of action.

The plaintiff seems to act under Rev. Stat. 1778 (Lan. 3281; B. 1536-668) ; which section provides that upon the failure of the solicitor of any municipality to take certain action when requested in the way of instituting suit for the protection of the municipality, a taxpayer may act. and may institute the suit, provided that no such suit or proceeding shall be entertained by any court until such request shall have been first. made in writing, and provided further that no such suit or proceeding shall be entertained by any court until such taxpayer upon motion of the solicitor or corporation counsel shall have given security for the costs. of the proceeding.

In this case it is not alleged that any request was made of the solicitor but instead thereof it is alleged that the village has no solicitor. The petition does not ask to enjoin the municipality or any of its officers. from doing any act; the petition is directed solely at the county authorities—the county commissioners and other officers of the county; and it seeks to prevent the carrying out of the proposed plan for the improvement, because, as claimed, a general system of sewerage has already been established by the municipal authorities and the attempt made by the county commissioners is useless, will entail great expense upon the taxpayers and the municipality without any corresponding benefit. The plaintiff sues, however, not in his own behalf as a taxpayer personally, but in behalf of the municipality and upon the assumed right to do so because of there being no solicitor to take action.

Revised Statutes 4483, 4484 (Lan. 7667, 7668) provide the procedure for the petitioning by a municipality through its mayor for the. establishment of such an improvement and the action of the county commissioners in accordance with such petition. It is insisted by the petitioner here that these two sections last cited are unconstitutional and invalid in that they provide no means for the protection of property owners by notifying them of the proceedings; no time and place for presentation of claims for damages; no provision for appeal or petition in error, and no provision for jury, and for other reasons stated. The court of common pleas to whom this same demurrer and petition were presented for consideration, sustained the demurrer and in the consideration thereof rendered an opinion which we have read with interest, and we find that it so clearly states the position at which we had already arrived in considering the oral and written argument and in the examination of the authorities cited, that we do not care to enter into any elabo-

McCaslin v. Perrysburg.

rate discussion of the questions involved. We think that the trial judge·
in the court below in passing upon the demurrer has stated very ably
and correctly the principles which govern the issues presented in this·
demurrer. The question is a very serious one at least as to whether·
the plaintiff has any right at all to sue in behalf of an incorporated
village, notwithstanding the fact that there is no solicitor whose duty
it would be first so to do. We think that in any event the power of the·
citizen to act in behalf of the corporation can rise no higher than what.
would be the power of the solicitor, if there were one; and the petition
as presented to us we think is not such a petition as is contemplated by
the section to which I have referred authorizing a citizen to act in lieu
of the solicitor, or by the other section authorizing the solicitor to sue for
the village. We think also, as held by the court of common pleas, that
Rev. Stat. 4483 and 4484 (Lan. 7667 and 7668) are not designed to·
be the complete procedure of the county commissioners, but that they·
are to be taken as a part of the entire Chap. 1 of Title 6 applying to·
county ditches, and for this reason that sufficient powers are given to·
the county commissioners to protect, under the forms and provisions of
other sections of the chapter, the rights of citizens. We think that the·
statute is not invalid for the reasons urged by counsel for plaintiff or any·
other reasons that occur to us.

In the case of *Pleasant Hill (Vil.)* v. *Commissioners,* 71 Ohio St. 133·
[72 N. E. Rep. ·896] the Supreme Court, having these sections before it,·
recognized, by implication at least, their validity, so far as any constitu-
tional questions are concerned; and while this might not be a conclu-
sive determination of the question of constitutionality, still the fact that
the matter is so treated by the Supreme Court is not to be overlooked.

It may be remarked before completing our consideration of the
case, that some analogy to the procedure adopted here under Rev. Stat.
4483 (Lan. 7667) is to be found in Rev. Stat. 4450 (Lan. ,7631) where-
in provision is made for an application for a ditch improvement to the
county commissioners, to be signed not only by the individual owners·
of the lots and lands which will be drained or benefited thereby, but
also by the street commissioner or supervisor of the road district in
which the same is to be constructed, or the trustees of any original sur-
veyed township owning land granted by congress for the support of com-
mon schools; or the infirmary directors of any county. Each of these
bodies is treated as a landowner, or a person interested in the construction
of a ditch, upon precisely the same basis as private owners. So a munici-
pality, an incorporated village or a city, is treated as if it were an
individual owner. It may have no such especial interest in the con-

Wood County.

struction of a sewer for the drainage of a street as would induce it to adopt a particular sewer or a particular ditch, whereas the contemplated county ditch improvement passing into or through a city or village might be essential to the welfare, the convenience or health of the people living along the line of the proposed improvement. I see no reason why one person, natural or artificial, who may be liable to pay a portion of the cost of such improvement, should be permitted to maintain an action to enjoin the construction of the entire improvement upon the ground stated in this petition. As already stated, this petitioner, although he says he is a heavy taxpayer in the municipality, is suing only on behalf of the municipality as a corporate entity.

Our judgment is that the demurrer to the petition should be sustained for the reason that the petition does not state facts constituting a cause of action.

**Parker** and **Haynes, JJ.,** concur.